UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE A. ARTIAGA,<br><br>           Plaintiffs,<br>    v.<br><br>JAGUAR LAND ROVER NORTH AMERICA LLC,<br><br>           Defendant. | Case No. 1:23-cv-01138-KES-EPG<br><br>ORDER APPROVING, IN PART, STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 36) |

On July 26, 2024, the parties filed a stipulated protective order for the Court's approval. (ECF No. 36). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including materials that contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, which are, for competitive reasons, normally, kept confidential by the parties, as contemplated by Federal Rules of Civil Procedure 26(c)(1)(G)." (*Id.* at 2-3) (minor revisions to capitalization and punctuation).

Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the

1

types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." Accordingly, the Court will limit the parties' definition of confidential information to that information more specifically described, *i.e.*, "materials that contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, which are, for competitive reasons, normally, kept confidential."

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 36, pp. 7-8; ECF No. 9, pp. 3-5 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 36) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:  **July 29, 2024**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE