1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10    BRIGITTE A. ARTIAGA,                        Case No.   1:23-cv-01138-KES-EPG

11              Plaintiff,

12         v.                                     ORDER GRANTING IN PART AND
                                                  DENYING IN PART PLAINTIFF'S MOTION
13    JAGUAR LAND ROVER NORTH                     TO COMPEL
      AMERICA LLC,
14                                                (ECF No. 32)
                Defendant.
15

16

17          In this removed civil case asserting various violations of the Song-Beverly Warranty Act,

18    Plaintiff Brigette A. Artiaga alleges that the 2020 Land Rover Range Rover Velar she purchased

19    was impaired by defects and required Defendant Jaguar Land Rover North America LLC to

      repurchase the vehicle. (ECF No. 1-1). Before the Court is Plaintiff's motion to compel seeking
20
      an order requiring Defendant to produce various documents and a deponent, brought pursuant to
21
      Rules 26 and 37 of the Federal Rules of Civil Procedure, and Local Rule 251. (ECF Nos. 32). For
22
      the reasons given below, the Court grants in part and denies in part the motion to compel.
23
      **I.      BACKGROUND**

24          On April 15, 2024, the Court held a status conference during which the parties addressed

25    ongoing discovery disputes. (ECF No. 14). The parties were ordered to meet and confer on the

26    issues and contact the Court if they were unable to resolve them. (*Id.*). At the parties' request, the

27    Court held a telephonic informal discovery dispute conference on May 9, 2024, and granted

28    Plaintiff permission to fil a motion to compel regarding the issues raised at the conference. (ECF

1    No. 21).

2          Plaintiff filed a notice of motion and motion re: discovery disagreement on June 7, 2024.

3    (ECF No. 23). On June 28, 2024, Plaintiff filed an amended notice and motion. (ECF No. 32).

4    After the Court granted an extension for its filing, the parties filed their joint statement re:

5    discovery disagreement on July 26, 2024. (ECF No. 38). The Court ordered the parties to file a

6    revised statement after finding that the statement failed to comply with the 25-page limit set forth

7    in the Court's scheduling order. (ECF No. 39). The parties filed a revised joint statement re:

8    discovery disagreement on August 12, 2024. (ECF No. 42). After finding that the revised joint

9    statement failed to comply with Local Rule 251(c)[1], the parties were ordered to file another

10   revised statement. (ECF No. 46). Following a status conference held on August 19, 2024[2], the

11   parties filed their revised joint statement re: discovery disagreement on August 27, 2024. (ECF

     Nos. 51, 53). A hearing was held on Plaintiff's motion to compel on September 11, 2024.

12   **II.    LEGAL STANDARDS**

13         Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that

14   are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)."

15   In turn, Rule 26(b)(1) provides as follows:

16         Parties may obtain discovery regarding any nonprivileged matter that is relevant to
           any party's claim or defense and proportional to the needs of the case, considering
17         the importance of the issues at stake in the action, the amount in controversy, the
           parties' relative access to relevant information, the parties' resources, the
18         importance of the discovery in resolving the issues, and whether the burden or
           expense of the proposed discovery outweighs its likely benefit. Information within
19         this scope of discovery need not be admissible in evidence to be discoverable.

20   Fed. R. Civ. P. 26(b)(1).

21
     _____

22   [1] Local Rule 251(c) provides, in relevant part, that, "Each specific interrogatory, deposition question or
     other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be
23   reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth
     immediately following each such objection. When an objection is raised to a number of items or a general
24   protective order is sought that is related to a number of specific items, the arguments and briefing need not
     be repeated." The Court found that the joint statement filed on August 14, 2024, did not include each
25   discovery request in full followed by each objection in full, and the arguments included were "often
     general and not specifically tied to a specific discovery request." (ECF No. 46). In consideration of the
26   scope of discovery in dispute, the Court waived requirements (1) and (2) of Local Rule 251(c) and
     extended the page limit for the joint statement to 30 pages. (ECF No. 48).
27   [2] At the status conference, the parties were advised that the Court may consider sanctions pursuant to
     Federal Rule of Civil Procedure 37 against the non-prevailing party regarding the pending discovery
28   disputes. (ECF No. 51).

1   Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer,

2   designation, production, or inspection," among other options, if "a party fails to produce

3   documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

4   Generally, "the moving party [must] inform the Court which discovery requests are the

5   subject of the motion to compel, and, for each disputed response, why the information sought is

6   relevant and why the responding party's objections are not meritorious." *Taylor v. O'Hanneson*,

7   No. 1:11-CV-00538-LJO, 2014 WL 2696585, at *2 (E.D. Cal. June 13, 2014) "Broad discretion

8   is vested in the trial court to permit or deny discovery. . . ." *Sablan v. Dep't of Fin. of Com. of N.*

9   *Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks

10  omitted).

**III.    ANALYSIS**

11  The parties' joint statement re: discovery dispute concerns the following requests for

12  production (RFP) and/or deposition categories: RFPs 1, 3, 7, 23, 31, 33, 59, 69, 73, 74, and 81,

13  and Categories 2, 4, 11, 16, 17, 19, 25, and 42.

14  For the reasons stated on the record at the September 11, 2024, hearing, Plaintiff's motion

15  to compel is granted, in part, and denied, in part, as follows:[3]

16  **REQUESTS FOR PRODUCTION NO. 1:** All DOCUMENTS regarding the
    SUBJECT VEHICLE that are maintained in YOUR databases. [This Request
17  requires DEFENDANT to produce these DOCUMENTS in their entirety and with
    all fields, columns, tables, rows, attachments and/or datapoints, and all available
18  information, including field names, codes, problem codes, symptom codes,
    symptom categories, symptom description, causal codes, defect codes, their
19  description, category, and/or all the information that appears on these
    DOCUMENTS with respect to the SUBJECT VEHICLE. This request also
20  requires DEFENDANT to search all of its databases using the SUBJECT
    VEHICLE's VIN: SALYB2EX8LA290414 and produce all responsive
21  documents.]
22

23  ECF No. 53 at 3.[4]

24  The Court DENIES Plaintiff's motion to compel as to Request for Production No. 1.

25  //

26

27  [3] Each discovery item is reproduced and followed by the Court's ruling in the order they were addressed at
    the hearing.

28  [4] The cited page numbers refer to the pagination appearing at the bottom of the document, not the page
    numbers generated by the CM/ECF system.

1

2

3

4

5

6

7

     **REQUEST FOR PRODUCTION NO. 3:** All investigations, reports, and/or studies conducted by YOU and/or on YOUR behalf regarding the root cause or failure analysis of any parts that were repaired or replaced on the SUBJECT VEHICLE and returned by any of YOUR authorized repair facilities to YOU/or anyone acting on YOUR behalf for analysis. [This request also requires the responding party to search for and produce responsive DOCUMENTS regarding any parts that were removed from the SUBJECT VEHICLE and returned by the repairing dealer to the responding party for root cause analysis, failure analysis, and/or any other analysis and to produce a copy of such reports, analysis, and/or similar document. This request also requires JAGUAR to provide any DOCUMENTS showing how the returned was handled after its return to JAGUAR (e.g., refurbished, returned to supplier for reimbursement, etc.]

8

*Id.* at 5.

9

10

     The Court GRANTS Plaintiff's motion to compel as to Request for Production No. 3,

insofar as Defendant shall supplement their response, either by: (1) stating no documents exist

11

regarding the root cause or failure analysis of any parts repaired or replaced on Plaintiff's vehicle

12

and not limited solely to those concerning the infotainment system, or (2) by producing such

13

documents.

14

     **REQUEST FOR PRODUCTION NO. 7:** All DOCUMENTS, including recalls, technical service bulletins, special service messages, dealer alerts, reports, Star Reports, campaigns, extended warranties, dealer advisories, summaries, etc., that were issued for the SUBJECT VEHICLE. [This request requires the responding party to produce the entire document. A production that only lists the name, number, and/or title of the document will not be responsive to this request. This also requires the responding party to produce all current, prior, amended, and drafts of such DOCUMENTS, which shall be produced in their entirety.]

15

16

17

18

19

*Id.* at 6-7.

20

     The Court GRANTS Plaintiff's motion to compel as to Request for Production No. 7,

21

insofar as Defendant shall supplement their response, either by: (1) stating no documents exist

22

that are responsive to this request, or (2) by producing such documents. Defendants' response

23

should include all documents applying to the VIN of Plaintiff's vehicle.

24

     **CATEGORY NO. 2:** Questions regarding the nomenclature, lookup tables, menus, fields, columns, rows, codes, classifications, and related coding materials containing the description of each field, columns, rows, classifications, and the meaning of each coded value, for the electronically stored reports and documents regarding any warranty records, customer contacts, field reports, technician line contact, field service reports, and/or dealer contacts, and any associated documents that YOU produced in connection with the SUBJECT VEHICLE.

25

26

27

28

4

1    *Id.* at 8.

2        The Court DENIES Plaintiff's motion to compel as to Category No. 2.

3        **CATEGORY NO. 4:** Questions relating to the nature and extent of all of the
         service history and warranty history relating to the SUBJECT VEHICLE. The
4        30(b)(6) witness on this category shall be prepared to discuss each of the repair
         visits that were documented by its authorized dealer and/or reported to
5        DEFENDANT in connection with the SUBJECT VEHICLE. This shall include
6        each of the complaint(s) that were made during each repair visits, the step(s)
         DEFENDANT's authorized repair facilities took to diagnose each complaint, the
7        repairs that were made for each complaint (if any), the part(s) that were repaired,
         replaced or updated, the part number(s) for each repair (including part number(s)
8        applicable to any updates), the number of days the SUBJECT VEHICLE was out
         of service for each repair visit(s), and the reason the repair(s) were covered or not
9        covered under DEFENDANT's applicable warranties (including the emission
10       warranties), as well as any other repairs that were paid for by JAGUAR, the dealer,
         or were customer pay.

11

12   *Id.*

         The Court DENIES Plaintiff's motion to compel as to Category No. 4.
13

14       **CATEGORY NO. 11:** Questions regarding YOUR issuance of all technical
         service bulletins, campaigns, field service actions, recalls, Special Service
15       Messages, etc. that were performed or should have been performed on the
         SUBJECT VEHICLE. This category includes any outstanding recalls, technical
16       service bulletins, campaign, updates, etc. that were issued after the applicable
         repair visit(s) or are going to be issued in the next 120 days, as well as those that
17       were available at the time of repair or purchase but were not performed by the
         dealer.
18

19   *Id.* at 9.

20       The Court DENIES Plaintiff's motion to compel as to Category No. 11. As explained at

21   the hearing, Defendant is directed to produce a witness to respond to the *entire* category.

22       **CATEGORY NO. 17:** Questions regarding all investigations, reports, and/or
         studies conducted by YOU and/or YOUR behalf regarding the root cause or failure
23       analysis of any parts that were repaired or replaced on the SUBJECT VEHICLE
         and returned by any of YOUR authorized repair facilities to YOU/or anyone acting
24       on YOUR behalf for analysis. The 30(b)(6) witness on this category shall be
         prepared to discuss any parts that were removed from the SUBJECT VEHICLE
25       and returned by the repairing dealer to JAGUAR to root cause analysis, failure
         analysis, and/or any other analysis and to produce a copy of such reports, analysis,
26       and/or similar document. The 30(b)(6) witness on this category shall also be
         prepared to discuss how the returned part was handled after its return to JAGUAR
27       (e.g., refurbished, returned to supplier for reimbursement, etc.)

28

1   *Id.* at 10.

2       The Court DENIES Plaintiff's motion to compel as to Category No. 17.

3       **REQUESTS FOR PRODUCTION NO. 23:** All DOCUMENTS, including ESI
        and emails, which contain a root cause, root cause analysis, and/or identify a
4       probable root cause of the INFOTAINMENT DEFECT(S) in JAGUAR
        VEHICLES equipped with the same infotainment system as the SUBJECT
5       VEHICLE. ["Root cause," as used herein, means the ultimate cause or causes that,
        if eliminated, would have prevented the occurrence of the failures. "Root cause
6       analysis" as used herein means any systemic investigation that reviews available
        empirical and analytical evidence with the goal of identifying a root cause of a
7       failure. "Probable root cause" as used herein means a cause identified with high
8       probability, as the root cause of a failure.]

9   *Id.* at 10.

10      The Court DENIES Plaintiff's motion to compel as to Category 23.

11      **REQUESTS FOR PRODUCTION NO. 31:** All DOCUMENTS concerning field
        reports, dealer contacts, warranty claims, customer complaints, claims, quality
12      reports, and/or reported failures regarding INFOTAINMENT DEFECT(S) in
        JAGUAR VEHICLES equipped with the infotainment system like the SUBJECT
13      VEHICLE, including any DOCUMENTS concerning YOUR response to each
14      field report, customer complaint, reported failure, and warranty claim. This
        Request requires DEFENDANT to produce these DOCUMENTS in their entirety
15      and with all fields, columns, tables, rows, attachments, and/or datapoints, and all
        available information (other than any identifying customer contact information)
16      including field names, codes, symptom codes, part numbers, claim numbers,
        and/or all other information that exists. This request requires that the responding
17      party produce such DOCUMENTS in Excel or Microsoft Access format with only
18      the customer contact information redacted.]

19  *Id.* at 21.

20      The Court DENIES Plaintiff's motion to compel as to Request for Production No. 31.

21      **REQUESTS FOR PRODUCTION NO. 33:** All DOCUMENTS, including ESI
        and emails, regarding when JAGUAR engineers learned, became aware of, or
22      were notified about, INFOTAINMENT DEFECT(S) in JAGUAR VEHICLES that
        are equipped with the infotainment system like the SUBJECT VEHICLE.
23

24  *Id.* at 22.

25      The Court DENIES Plaintiff's motion to compel as to Request for Production No. 33.

26      **REQUESTS FOR PRODUCTION 59:** All DOCUMENTS, including ESI and
        emails, concerning any decision currently under consideration to issue, or in the
27      process of issuing, any recalls, notices, letters, campaigns, warranty extensions,
        service messages, technical service bulletins concerning the INFOTAINMENT
28

6

DEFECT(S) in JAGUAR VEHICLES that are equipped with the infotainment system like the SUBJECT VEHICLE.

*Id.* at 23.

The Court DENIES Plaintiff's motion to compel as to Request for Production No. 59.

**REQUESTS FOR PRODUCTION NO. 69:** All DOCUMENTS, including power points, memoranda, reports, warnings, investigations, assessments, lessons learned, engineering reviews, summaries, executive reviews, executive summaries, or their equivalent, etc., that were prepared by any of YOUR engineers or suppliers, concerning the INFOTAINMENT DEFECT(S) in JAGUAR VEHICLES that are equipped with the infotainment system like the SUBJECT VEHICLE.

*Id.*

The Court DENIES Plaintiff's motion to compel as to Request for Production No. 69.

**REQUESTS FOR PRODUCTION NO. 73:** All executive summaries, summaries, reports, analyses, evaluations, or memoranda regarding the problems with the infotainment system in JAGUAR VEHICLES that are equipped with the infotainment system like the SUBJECTVEHICLE. [This request shall be understood to include information regarding defining the problem, the customer effect, identifying or inability to identify the root cause, recreating any failures, test results, corrective action, countermeasures, lessons learned and/or any next steps.]

*Id.* at 24.

The Court DENIES Plaintiff's motion to compel as to Request for Production No. 73.

**REQUESTS FOR PRODUCTION NO. 74:** All DOCUMENTS, including organizational charts of individuals, employees, officers, directors, and/or agents within YOUR recall, quality, warranty, engineering, and/or research development department, team, committee, group, etc., from one year prior to Plaintiff's purchase of the SUBJECT VEHICLE until the present.

*Id.* at 25.

The Court DENIES Plaintiff's motion to compel as to Request for Production No. 74.

**REQUESTS FOR PRODUCTION NO. 81:** All DOCUMENTS, including emails, which refer to or reflect software release notes for all software released for the INFOTAINMENT DEFECT(S) in JAGUAR VEHICLES that are equipped with the same infotainment system as the SUBJECTVEHICLE.

*Id.*

1

The Court DENIES Plaintiff's motion to compel as to Request for Production No. 81.

2

**CATEGORY NO. 16:** Questions concerning any internal analysis or

3

investigations by YOU or on YOUR behalf regarding INFOTAINMENT
DEFECT(S) in JAGUAR VEHICLES with the same infotainment system as the

4

SUBJECT VEHICLE. The 30(b)(6) witness on this category shall be prepared to
discuss any pre-release or post-release investigation and analysis to determine the

5

root cause of such INFOTAINMENT DEFECT(S), any such investigation to
implementing a countermeasure or permanent repair procedure for such

6

INFOTAINMENT DEFECT(S), any such investigation into the failure rates of
parts associated with such INFOTAINMENT DEFECT(S), any cost analysis for

7

implementing a proposed repair procedure, any savings analysis for not
implementing proposed repair procedures, etc.

8

9

*Id.* at 26.

10

The Court DENIES Plaintiff's motion to compel as to Category No. 16.

11

**CATEGORY NO. 19:** Questions regarding the implementation and efficacy of
any technical service bulletins, campaigns, field service actions, recalls, Special

12

Service Messages, etc. issued by YOU concerning the INFOTAINMENT
DEFECT(S) in JAGUAR VEHICLES, including recalls that were implemented in

13

either the pre-production phase or post-production phase of the JAGUAR
VEHICLES. This category includes any recalls, technical service bulletins,

14

campaigns, updates, as well as any prior or subsequent version(s) of such recalls,
bulletins, campaigns or updates, that were issued or are going to be issued within

15

the next 120 days.

16

*Id.* at 27-28.

17

18

Plaintiff's motion to compel is DENIED as to Category No. 19.

19

**CATEGORY NO. 25:** Questions regarding YOUR efforts to identify a root cause,
problem solving efforts, and related conditions related to INFOTAINMENT

20

DEFECT(S) in JAGUAR VEHICLES, including any actual or contemplated
corrective, containment, or field actions.

21

*Id.* at 28.

22

The Court GRANTS Plaintiff's motion to compel as to Category No. 25, but Defendant's

23

response is limited to efforts to identify a root cause, problem solving efforts, and related

24

conditions related to infotainment defects related to the subject vehicle and identified in

25

Plaintiff's complaint, including any actual or contemplated corrective, containment, or field

26

actions.

27

**CATEGORY NO. 42:** Questions regarding the identification of each database,
system, or software used to store, query or analyze: 1) Actual or anticipated failure

28

8

or replacement rates; 2) durability data; 3) warranty data; 4) part sales, replacements, or returns data; 5) quality data, including quality defect data; 6) condition, issue, problem, or defect occurrence rates; 7) reports from suppliers about vehicle conditions, issues, problems, or defects; 8) quality information report, reports, summaries, or memoranda; 9) results, executive summaries, or reports of quality or problem-solving methodologies; 10) results, summaries, or reports of root cause analyses; and 11) lessons learned relating to vehicle conditions, issues, problems, or defects.

*Id.* at 29.

The Court DENIES Plaintiff's motion to compel as to Category No. 42.

## III.   CONCLUSION AND ORDER

For the reasons given above, **IT IS ORDERED** as follows:

1.  Plaintiff's motion to compel (ECF No. 32) is **GRANTED IN PART** as to the following items: RFPs 3 and 7 and Category 25.

    a.  By no later than 30 days after the date of this order, Defendant shall produce these documents and/or provide supplemental responses as set forth in this order.

2.  Plaintiff's motion to compel (ECF Nos. 32) is **DENIED IN PART** as to the following items: RFPs 1, 23, 31, 33, 59, 69, 73, 74, and 81, and Categories 2, 4, 11, 16, 17, 19, and 42.

IT IS SO ORDERED.

Dated:   **September 16, 2024**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE